46378

FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

2008 AUG 27  PM 12:55

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLA.
FORT MYERS, FLORIDA

ENRIQUE MADRINAN,
an individual,

       Plaintiff,

vs.

BUCCANEER MOTEL CORPORATION,
a Florida Corporation,

       Defendant.

2:08-cv-658-FtM-29 SPC

## COMPLAINT

Plaintiff, ENRIQUE MADRINAN, through his undersigned counsel, hereby files this Complaint and sues BUCCANEER MOTEL CORPORATION, a Florida Corporation for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA") and Florida Law.  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Middle District of Florida.

1

3.    Plaintiff, ENRIQUE MADRINAN, (hereinafter referred to as" MR. MADRINAN") resides in Miromar, Florida.

4    MR. MADRINAN, is a qualified individual under the ADA and Florida Statutes.  MR. MADRINAN was injured in an automobile accident at the age of eighteen and as a result, he was, and remains, paralyzed from the chest down.  The injury also left MR. MADRINAN with dexterity problems, especially in his right hand, which makes it difficult to grip objects.

5.    Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6.    The Defendant, BUCCANEER MOTEL CORPORATION, (hereinafter referred to as "DEFENDANT"), is a Florida Corporation.  Upon information and belief, DEFENDANT is the owner, lessee, and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, located at 2329 9th Street North, Naples, Florida, 34103.

7.    All events giving rise to this lawsuit occurred in the Middle District of Florida, Collier County.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

8.    Plaintiff realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9.    The Property is place of  public accommodation, subject to the ADA, located at 2329 9th Street North, Naples, Florida, 34103, in Collier County.

10.    MR. MADRINAN has visited the property, located  2329 9th Street North, Naples, Florida, 34103, and plans to visit in the near future.

2

11.   During these visits, MR. MADRINAN experienced serious difficulty accessing the services therein due to the architectural barriers discussed herein in Paragraph 14 of this Complaint.

12.   MR. MADRINAN continues to desire to visit the property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 14 which continue to exist.

13.   MR. MADRINAN plans to and will visit the property in the future to utilize the goods and services.

14.   DEFENDANT is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.302 et. seq. and is discriminating against the Plaintiff due to, but not limited to, the following barriers to access at the property:

    A.   insufficient number of accessible spaces designated for disabled use which are improperly, sized, marked, and which are not level;

    B.   inaccessible front entrance due to lack of accessible ramps into the building from the parking lot and improper signage;

    C.   inaccessible front entrance due to excessive force necessary to open doors;

    D.   inaccessible service counters due to excessive height, in violation of ADAAG requirements; and

    E.   failure to provide guestrooms with fully accessible restrooms.

15.   The discriminatory violations described in Paragraph 14 are not exclusive lists of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

16. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17. Independent of his intent to return as a guest of the hotel, Plaintiff additionally intends to return to the property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

18. Removal of the barriers to access located on the property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

19. Removal of the barriers to access located on the property would allow Plaintiff to fully utilize the goods and services located therein.

20. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by DEFENDANT pursuant to 42 U.S.C. § 12205.

WHEREFORE, the Plaintiff demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A. That the Court declares that the property owned and administered by DEFENDANT is in violation of the ADA;

B. That the Court enter an Order directing DEFENDANT to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for

4

such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

D.   That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.   That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
Attorneys for Plaintiff
11098 Biscayne Blvd., Suite 301
Miami, FL 33161
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com

By: _____
Louis I. Mussman, Esq.
Bar #: 597155
Brian T. Ku, Esq.
Bar #: 610461

5